**From:** Alex Cash <alex.cash@gmail.com>
**Sent:** Friday, May 27, 2022 3:56 PM
**To:** Intake <intake@cafc.uscourts.gov>
**Subject:** NOTICE OF APPEAL, MSPB AT-844E-16-0508-I-1

NOTICE OF REQUESTED APPEAL
---------------------------------------
To the Clerk of the Honorable US Court,

This e-mail is to serve as a Notice that I respectfully plead to open an Appeal of the Final Order from the Merit Systems Protection Board in case # AT-844E-16-0508-I-1 (attached). I am responding/appealing within the 60 day deadline advised by the MSPB. I wish to proceed through electronic filings. My pleadings and briefs will argue that the MSPB's determination of fact, weighing of evidence, and interpretation and application of law/regulation were in probable error.

I have solicited pro bono representation from the BAR, but with the 60-day deadline approaching, I will have to pursue pro se. My limited income (SSDI) likely qualifies my case for consideration of a filing fee waiver.

My name, address and contact information of record is:

Marcus Alex Cash
1081 Summit Oaks Drive
Watkinsville, GA 30677
M: 703-944-2409
email: <alex.cash@gmail.com>

Please accept this for docketing and advise of the next step in an informal pro se argument in order to please the court.

Thank you.

Respectfully,
Alex Cash, pro se appellant

---------- Forwarded message ---------
From: <e-filingHQ@mspb.gov>
Date: Thu, Apr 14, 2022 at 10:10 AM
Subject: MARCUS ALEX CASH v. CIA
To:


This is an issuance by Merit System Protection Board in connection with following case:
Short Case Title: MARCUS ALEX CASH v. CIA
Docket #: AT-844E-16-0508-I-1

Description: Final Order

Please click on the link below to View/Download the document.
https://e-appeal.mspb.gov/Login.aspx?docs=N++653RMzNMBSUcI1W4tJbwmtwaFeyv7ReOgAc4cTqk=


The MSPB document has been served on all other parties and representatives in this appeal.

Do not reply to this email account for submitting additional case data. All electronic submissions must be made via the e-Appeal web site.

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARCUS ALEX CASH, | DOCKET NUMBER |
| Appellant, | AT-844E-16-0508-I-1 |
| v. | |
| CENTRAL INTELLIGENCE AGENCY, | DATE: April 14, 2022 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Marcus Alex Cash, Watkinsville, Georgia, pro se.

Rebecca Tucker, Washington, D.C., for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the agency's final decision denying his application for disability retirement under the Federal Employees' Retirement System (FERS). Generally, we grant petitions such as this one only in the following circumstances: the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by the Final Order to find that the Board's lacks jurisdiction to consider the appellant's claim of disability discrimination, we AFFIRM the initial decision.

## BACKGROUND

¶2　　During the time of the matters at issue in this appeal, the appellant was a GS-13 Technical Intelligence Officer assigned to the agency's Washington Metropolitan Area. As an agency System Engineer, the appellant provided technical support on systems used by the agency to support its mission, including meeting with others about system problems, assessing system capabilities, building and troubleshooting systems, and occasionally deploying them. Initial Appeal File (IAF), Tab 35 at 16-22.[2] On March 5, 2013, he requested a "hardship waiver for retirement separation" unless the agency could provide him part-time employment in Georgia where his family resided so that he could address a number of serious family and personal issues. IAF, Tab 186. Beginning on June 13, 2014, the agency carried the appellant on leave without pay (LWOP) until October 6, 2014, when he submitted a letter of resignation wherein he stated

---

[2] This document, like many in the record, has been redacted of classified information.

3

that he was "under a physician's care for chronic panic disorder, episcleritis, depression, PTSD [post-traumatic stress disorder], et al." IAF, Tab 33 at 12. On October 24, 2014, the appellant completed an application for disability retirement under FERS, describing his disabling conditions as "PTSD, panic disorder, anxiety, severe episcleritis, extreme sensitivity to environmental heat, claustrophobia, depression/grief." IAF, Tab 34 at 5-17. He stated that these conditions and medications he took to address them affected his ability to sleep and concentrate and "induced ambivalence," and that claustrophobia (panic attacks) made it difficult/risky for him to perform his duties in certain settings. *Id.* at 5. The appellant's application was reviewed by the agency's Board of Medical Examiners (BME), which recommended that it be denied on the basis that the appellant did not show that he became disabled because of one or more medical conditions that resulted in a deficiency in service or that were incompatible with either useful and efficient service or retention in his position and that he became disabled with one or more such medical conditions that had a causal relationship to a service deficiency and were expected to continue for at least 1 year from the date he applied for disability retirement.[3] IAF, Tab 36 at 5. The appellant appealed that decision to the Director, Office of Personnel Resources, The Central Intelligence Agency (CIA), *id.* at 7-18, who denied his request for reconsideration, IAF, Tab 40 at 29.

¶3 On appeal to MSPB, the appellant alleged that he was entitled to disability retirement because he was psychiatrically disabled by work-related trauma, his

[3] Title 50, U.S. Code, chapter 38, authorizes the Central Intelligence Agency (CIA) Director to administer various aspects of retirement for CIA employees, including participation in the FERS. 50 U.S.C. §§ 2011(c), 2155(a). The CIA Director is required to prescribe regulations regarding applying FERS to CIA employees, in consultation with the Director of the Office of Personnel Management. 50 U.S.C. § 2156. Regarding FERS, agency employees are subject to 5 U.S.C. chapter 84, 50 U.S.C. § 2151(a), and certain CIA employees, like the appellant, have recourse to the Board from an unfavorable agency retirement decision. 5 U.S.C. § 8461(e); 50 U.S.C. § 2155; IAF, Tab 15 at 7, Tab 24 at 7, 20, Tab 33 at 10.

performance and attendance had gradually dropped while his visits to physicians increased dramatically as did his medication regimen, and his conditions and pharmacotherapy and side effects are all inconsistent with useful and efficient service.  IAF, Tab 10 at 4.  He further alleged that his conditions have existed for 7 years, that accommodations, if they exist, would be inconsistent with useful and efficient service at the agency, and that he was not offered reassignment.  *Id.* at 5.  He requested a hearing.  IAF, Tab 1 at 2.  The administrative judge construed the appellant's claim to include that, in denying him benefits, the agency discriminated against him based on his disability.  IAF, Tabs 137, 165.

¶4        Following a hearing, IAF, Tab 187, the administrative judge issued an initial decision in which he affirmed the agency's final decision, IAF, Tab 190, Initial Decision (ID) at 1, 17.  He found that there was no dispute that the appellant had completed at least 18 months of civilian service creditable under FERS, that he did not decline a reasonable offer of reassignment, and that his application was timely filed.  5 U.S.C. § 8451(a); 5 C.F.R. § 844.103(a); ID at 6.  The administrative judge further found that to address the remaining criteria,[4] the probative value of all evidence submitted must be considered, taking into account objective clinical findings, diagnoses and medical opinions, subjective evidence of pain and disability, and all evidence relating to the effect of the appellant's conditions on his ability to perform in the position last occupied.  ID at 6.  The administrative judge then presumed, without deciding, that the appellant's stated

---

[4]Those remaining criteria include a showing that the applicant, while employed in a position subject to FERS, became disabled because of a medical condition resulting in a deficiency in performance, conduct, or attendance, or, if there is no such deficiency, the disabling condition is incompatible with either useful and efficient service or retention in the position; the disabling medical condition is expected to continue for at least 1 year from the date the application was filed; and accommodating the disabling medical condition in the position held is unreasonable.  *Henderson v. Office of Personnel Management*, 109 M.S.P.R. 529, ¶ 8 (2008).

conditions, with the exception of episcleritis,[5] are disabling conditions incompatible with either useful and efficient service or retention in the position and are expected to continue for at least 1 year from the date that the appellant filed his application for disability retirement, but that the appellant was not entitled to benefits because the agency presented compelling evidence that it could have accommodated him.  ID at 6-12.  Finally, the administrative judge found that the appellant failed to prove that the agency discriminated against him on the basis of any disability when it denied his application for disability retirement benefits.  ID at 12-17.

¶5      The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, and the agency has filed a response, PFR File, Tab 22.  The appellant requested additional time in which to reply to the agency's response, PFR File, Tab 24, and the Acting Clerk of the Board afforded him an extension, PFR File, Tab 25.  The appellant made a timely submission entitled "Supplemental and Final PFR," which the Board placed into the record without comment as to the propriety of its contents under 5 C.F.R. § 1201.114.[6]  PFR File, Tab 27.  Based on our review of the appellant's submission, we have considered only that portion which is, in fact, a reply to the agency's response to his petition for review in that it consists of a copy of the agency's response on which the appellant has inserted his own comments, assertions, and arguments.  PFR File, Tab 28 at 28-33.  We have not considered the remainder of the documents in the submission because they do not address the factual and legal issues raised by the agency in its

---

[5]The administrative judge found that the appellant did not establish that this condition, "red eye," is disabling because, while uncomfortable, he did not show why it would render him unable to perform useful and efficient service or make retention in his Technical Intelligence Officer position untenable.  ID at 6 n.9.

[6]Based on its determination that the appellant's pleading contained classified information, the agency submitted a copy of the pleading that was redacted to the UNCLASSIFIED level, PFR File, Tab 28, and it was placed in the official record in lieu of the appellant's original submission, PFR File, Tab 29.

6

response to the appellant's petition for review.[7]    *Id*. at 35-58;  5 C.F.R. § 1201.114(a)(4).

## ANALYSIS

### The appellant did not show that he is entitled to disability retirement.

¶6        On review, the appellant challenges the administrative judge's reliance on the testimony of the agency psychiatrist who reviewed the appellant's application for retirement for the BME.  PFR File, Tab 1 at 4.  The appellant argues that he was never examined by that psychiatrist, and that the administrative judge abused his discretion in not giving credence to the evidence the appellant submitted from his own treating physicians.  *Id.*; PFR File, Tab 28 at 32.

¶7        As noted, the administrative judge presumed, without deciding, that all but one of the appellant's asserted conditions are disabling medical conditions that are incompatible with either useful and efficient service or retention in the position and that these conditions are expected to continue for at least 1 year from the date the appellant filed his application for disability retirement.  ID at 6-7.  Therefore, to the extent the administrative judge did not consider the appellant's medical evidence regarding these issues, the appellant has not shown any prejudice to his substantive rights.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).  Although the administrative judge did rely heavily on the testimony of the agency's psychiatrist on the dispositive issue in this case, accommodation, such reliance was appropriate inasmuch as the witness provided unchallenged testimony that his office is involved with accommodating medical

---

[7]The appellant has included in this submission an April 12, 2017 notice from the Social Security Administration (SSA) stating that a "fully favorable" decision has been made on his claim.  PFR File, Tab 28 at 37.  The determination does not, however, identify the condition or conditions that were the basis for SSA's decision or explain why the appellant was determined to be disabled, and therefore the decision is not significant or useful evidence is deciding this appeal.  As such, the notice of SSA's decision, while new, is not material evidence.  *Confer v. Office of Personnel Management*, 111 M.S.P.R. 419, ¶ 6 (2009).  Moreover, as noted, the administrative judge presumed, without finding, that all but one of the appellant's conditions rendered him disabled.

conditions of agency employees.  ID at 9-12; Hearing Compact Disc (HCD) (testimony of agency psychiatrist).  The appellant has not shown that any of his witnesses presented relevant and material evidence on this issue, but, even if they did, the administrative judge's failure to mention all of the evidence of record does not mean that he did not consider it in reaching his decision.  *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  We find, therefore, that the appellant has not shown that the administrative judge abused his discretion in this regard. 5 C.F.R. § 1201.41(b)(3).

¶8      The appellant also challenges on review the administrative judge's finding that the appellant did not establish that accommodating his disabling condition would be unreasonable.  PFR File, Tab 1 at 4-5.  In the Certification of Reassignment and Accommodation Efforts completed shortly after the appellant filed his application, the agency checked the box which said "No, the employee's condition does not appear to require accommodation.  Medical information presented to the agency does not document a disabling condition."  IAF, Tab 35 at 31.  Noting the administrative judge's contrary presumption, however, the Board has found that, under FERS, an individual is not eligible for disability retirement benefits if there is a reasonable accommodation for the disabling condition in the position held.  5 U.S.C. § 8451(a); *Gooden v. Office of Personnel Management*, 471 F.3d 1275, 1279 (Fed. Cir. 2006); 5 C.F.R. § 844.103(a)(4). Accommodation means a reasonable adjustment made to an employee's job or work environment that enables the employee to perform the duties of the position, and may include modifying the worksite, adjusting the work schedule, and restructuring the job.  5 C.F.R. § 844.102.

¶9        The administrative judge found that the appellant never requested an accommodation that would allow him to keep working.[8] ID at 11. The appellant does not, on review, specifically challenge that finding, except to describe the agency "culture" as one in which employees do not admit sickness or ask for accommodations. PFR File, Tab 1 at 4-5. In any event, the administrative judge found compelling evidence that the agency would have attempted to accommodate the appellant, had he been forthcoming about his conditions and requested accommodation prior to resigning. ID at 7-12; HCD (testimony of the appellant's supervisor and agency psychiatrist). Specifically, the agency presented evidence that the appellant was not required to work in confined spaces, but rather in a "lab-based" environment, and that his work schedule could have been adjusted to account for his medical conditions or medications he took to address them.[9] HCD (testimony of the appellant's supervisor). The agency also provided evidence that, in some cases, individuals with PTSD who are undergoing "system appropriate treatment" can be accommodated following engagement with their healthcare providers, and that for those who could not, the agency would attempt to reassign them to positions in which they could perform effectively. HCD (testimony of the agency psychiatrist). In addition, the agency explained that, regarding the appellant's heat sensitivity, agoraphobia, and claustrophobia, a variety of accommodations can be, and have been, used to address such issues, and that, as for his panic disorder, the agency has

---

[8]Both parties acknowledge, however, that, in late 2012, the appellant requested that the agency upgrade his air travel from economy to business class because he had been diagnosed with panic disorder, including claustrophobia, and that the agency approved the request. IAF, Tab 58.

[9]On review, the appellant questions why, if the agency was willing to accommodate him, as it has indicated, he was not permitted to work at his home in Georgia. PFR File, Tab 1 at 5. The agency presented evidence, however, that, due to the classified nature of the agency's work, telework was not permitted. HCD (testimony of the appellant's supervisor).

accommodated this condition in the past, albeit in "highly personalized" ways.
*Id.*[10]

¶10     In sum, the appellant has not disputed the agency's evidence that it could have accommodated his medical conditions, and he therefore failed to prove that it would have been unreasonable for the agency to accommodate such conditions.

<u>The Board lacks jurisdiction to consider the appellant's claim that the agency discriminated against him based on his disability.</u>

¶11     The administrative judge initially determined that the Board lacks jurisdiction to consider such a claim in a disability retirement appeal, IAF, Tab 75, but, relying on the Board's decision in *Jordan v. Office of Personnel Management*, 108 M.S.P.R. 119, ¶¶ 8-9 (2008), he subsequently reversed that ruling, IAF, Tab 165, allowing the parties to present evidence on the claim, and eventually denying it as unproven, ID at 12-17.

¶12     The issue before the Board in this case is the agency's denying the appellant's application for disability retirement. IAF, Tab 36 at 5. As we have found regarding FERS, agency employees are subject to 5 U.S.C. chapter 84, 50 U.S.C. § 2151(a), and certain CIA employees, like the appellant, can appeal an adverse retirement decision to the Board. 5 U.S.C. § 8461; 50 U.S.C. §§ 2155(b), 2156(a). Therefore, the Board has jurisdiction to consider the appellant's denial of benefits in accordance with 5 U.S.C. § 7701. 5 U.S.C. § 8461(e). Pursuant to section 7701(c), an agency action cannot be sustained by the Board if, inter alia, the appellant shows that the agency based its action on a prohibited personnel practice described in 5 U.S.C. § 2302(b). 5 U.S.C. § 7701(c)(2)(B). Here, the appellant contends that the agency's decision denying him retirement benefits was

---

[10]The appellant argues on review that the agency did not grant his request for further medical treatment, specifically, further "exposure therapy" as recommended by the agency-contracted licensed social worker he saw before he went on LWOP and before he relocated to Georgia. PFR File, Tab 28 at 30. Even if true, such a claim does not advance the appellant's position that there is no reasonable accommodation for his condition and that he is therefore entitled to disability retirement.

based on disability discrimination, a prohibited personnel practice under 5 U.S.C. § 2302(b)(1)(D).

¶13      In the *Jordan* case, the Office of Personnel Management was the respondent agency. However, the CIA is the respondent agency in this appeal and, because it is specifically excluded from coverage under 5 U.S.C. § 2302, the reference to section 2302(b) in section 7701(c) is inapplicable to CIA employees. 5 U.S.C. § 2302(a)(2)(C)(ii). Therefore, the appellant may not bring his claim of disability discrimination as an affirmative defense. *Cook v. Central Intelligence Agency*, 58 M.S.P.R. 542, 543 (1993); *cf. Van Lancker v. Department of Justice*, 119 M.S.P.R. 514, ¶ 10 (2013) (finding that the Board lacks jurisdiction to consider a covered Federal Bureau of Investigation (FBI) employee's affirmative defense of retaliation for whistleblowing in an appeal of his removal for unacceptable performance; FBI was specifically excluded from coverage under prohibited personnel practice statute).

<u>The administrative judge did not abuse his discretion regarding his hearing‑related rulings.</u>

¶14      On review, the appellant argues that the administrative judge denied "many" of his motions as untimely and denied "many" of his proposed witnesses. PFR File, Tab 1 at 4. The appellant also contends that the record did not include "many" of the documents he requested during discovery. *Id.* A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Herndon v. Department of the Navy*, 97 M.S.P.R. 609, ¶ 7 (2004), *review dismissed*, 125 F. App'x 289 (Fed. Cir. 2005). Because the appellant's arguments as to the administrative judge's rulings on discovery and unspecified motions wholly lack specificity, we are unable to ascertain whether he has made a serious evidentiary challenge and find that a complete review of the record is not justified. We note that the administrative judge denied 44 of the appellant's 51 proposed witnesses, but did provide reasons for his rulings. IAF, Tab 171.

The administrative judge afforded the parties 7 days from the date of the Order and Summary of Telephonic Prehearing Conference in which to note any exceptions. *Id.* Although the appellant stated that he took "grave exception to the denial of many of [his] key witnesses," he agreed to "drop them from [his] proffer list, IAF, Tab 72, thereby failing to preserve the issue for review, *see Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 9 (2010). In sum, the appellant has not shown that the administrative judge erred regarding these rulings or otherwise abused his discretion because the appellant has not shown that his substantive rights were prejudiced. *Lee v. Environmental Protection Agency*, 115 M.S.P.R. 533, ¶ 7 (2010).

¶15        The appellant also argues on review that the administrative judge refused to provide him "court-appointed counsel." PFR File, Tab 1 at 4. Below, the appellant requested the appointment of "cleared counsel." IAF, Tab 56. The administrative judge denied the motion, stating that he was unaware of any authority for the expenditure of Government funds in such a manner, and that the appellant had pointed to none. IAF, Tab 75. The appellant sought assistance from the Georgia Bar, IAF, Tab 76, although he ultimately appeared before the Board pro se. An appellant has the right to be represented by an attorney or other representative. 5 U.S.C. § 7701(a)(2). However, there is no statutory or regulatory requirement that an appellant be provided with pro bono counsel. *Sanders*, 114 M.S.P.R. 487, ¶ 7; *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 5 (2008). To the extent the appellant was apparently unsuccessful in securing representation, he must accept the consequences of that decision. *Sanders*, 114 M.S.P.R. 487, ¶ 7; *Brum*, 109 M.S.P.R. 129, ¶ 5; *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). In this regard, the appellant also generally claims on review that he was denied the "benefit of a doubt owed to pro se appellants." PFR File, Tab 1 at 4. While it is true that pro se appellants are not required to plead issues with the precision of an attorney in a judicial proceeding, *Gilliam v. Office of Personnel Management*, 91 M.S.P.R.

352, ¶ 17 (2002), such consideration does not extend to a less strict interpretation of the law.  Our review of this voluminous record reflects that the administrative judge carefully exercised his discretion to provide the appellant with the consideration owed to a pro se appellant.[11]

## NOTICE OF APPEAL RIGHTS[12]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not

---

[11] More than 9 months after the close of the record on review, the appellant filed a request for leave to file a pleading, claiming that he had recently "come across" new evidence regarding the nature of his duties as a System Engineer.  PFR File, Tab 33. The Office of the Clerk of the Board responded, advising the appellant that the Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response to a petition for review.  5 C.F.R. § 1201.114(a)(5); PFR File, Tab 35.  The appellant has failed to demonstrate the need for this pleading or show that it was not readily available before the record closed.  *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (finding that to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed). For these reasons, the appellant's request for leave to file an additional pleading is denied, as is his request that the Board compel the agency to produce his travel records. PFR File, Tab 34.  Eight months later, the appellant filed another request for leave to file a pleading, consisting of the agency's response to a Freedom of Information Act request he submitted in 2015 which, he claimed, would support his prior arguments pertaining to the nature of his work, travel, and medical conditions.  PFR File, Tab 38. The Office of the Clerk responded as it did to his previous motion.  *Compare id.*, *with* PFR File, Tab 35.  Again, the appellant has failed to demonstrate the need for this pleading or show that it was not readily available before the record closed.  *Grassell*, 40 M.S.P.R. at 564.  For this reason, the appellant's request for leave to file this additional pleading is also denied.

[12] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[13]  The court of appeals must <u>receive</u> your petition for

---

[13]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

16

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                   /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.