IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| MARCUS ALEX CASH, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION |
| : | NO. 3:22-CV-81 |
| CENTRAL INTELLIGENCE AGENCY, : | |
| : | |
| Respondent. : | |
| : | |

## ORDER ON MOTIONS TO SEAL AND FOR ASSIGNMENT OF PSEUDONYM

Petitioner, proceeding *pro se*, has filed a Motion to Seal and a Motion for Assignment of a Pseudonym. For the reasons stated below, Petitioner's Motions [Doc. 2] are **DENIED**.

## BACKGROUND

Petitioner, a former employee of the Central Intelligence Agency ("CIA"), seeks review of a decision by the Merit Systems Protection Board ("MSPB")[1] upholding the CIA's denial of his application for disability retirement.[2] In 2015, the CIA denied Petitioner's application for disability retirement. In February 2016, Petitioner filed a formal complaint of disability discrimination with the CIA's Office of Equal Employment

---

[1] "The MSPB is an independent, quasi-judicial agency in the Executive branch that serves as the guardian of Federal merit systems." https://www.mspb.gov/about/about.htm (visited February 28, 2023).

[2] *Cash v. CIA*, 2022-1852 (Fed. Cir. 2022).

Opportunity ("EEO"), alleging, among other things, that the CIA had discriminated against him in denying his medical disability retirement application. The CIA's EEO issued its Final Agency Decision ("FAD") in April 2016, finding no discrimination in the CIA's decision.

In May 2016, Petitioner filed an administrative appeal to the MSPB challenging the CIA's denial of his medical disability retirement application. The MSPB upheld the CIA's denial and determined that it lacked jurisdiction to consider Petitioner's disability discrimination claim, explaining that CIA employees are statutorily excluded from asserting discrimination claims through the administrative review process established by Chapter 23 of the Civil Service Reform Act of 1978.[3] Petitioner then appealed the MSPB's final decision to the Federal Circuit. The Federal Circuit determined that it lacked jurisdiction over Petitioner's appeal because the appeal included a discrimination claim; therefore it is a "mixed case" where judicial review is only available in district court following the completion of MSPB proceedings.[4] Thus, by consent of the parties, the Federal Circuit transferred the appeal to this Court.

Currently before the Court are Petitioner's requests to seal this case and to proceed anonymously. At no time during the pendency of his claims has Petitioner proceeded

---

[3] *See* 5 U.S.C. § 2302(a)(2)(C)(ii).
[4] *See Kloeckner v. Solix*, 568 U.S. 42, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an anti-discrimination statute listed in 5 U.S.C. § 7702(a)(1) should seek judicial review in the district court, not in the Federal Circuit.").

under a pseudonym. Likewise, although it appears from the record that discrete information has been redacted from certain documents, at no time have entire pleadings or the case proceeded under seal.

## ANALYSIS

Motion to Seal

Petitioner asks the Court to seal the entire record in this case. It is well-settled in the Eleventh Circuit that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern[,]" and the integrity of the judiciary is maintained by the public's right of access to court proceedings.[5] "The common-law right of access establishes a general presumption that criminal and civil actions should be conducted publicly and includes the right to inspect and copy public records and documents."[6] "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case."[7]

"Where the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that the denial of access is necessitated by a compelling governmental interest,

---

[5] *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007).
[6] *FTC v. AbbVie Prod. LLC,* 713 F.3d 54, 62 (11th Cir. 2013) (quotation marks omitted and alterations accepted).
[7] *Brown v. Advantage Engineering, Inc.*, 960 F.3d 1013, 1016 (11th Cir. 1992).

3

and is narrowly tailored to that interest."[8] The Court has to consider "among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents."[9]

Here, Petitioner seeks to seal this case because it "contains information—and forthcoming arguments—that the appellant believes, in aggregate, may be of importance to national security (specifically, past or ongoing intelligence collection activities) even if technically unclassified, in whole or part."[10] The Court finds this contention does not warrant sealing the entire record, especially since this case has never been sealed. Given the presumption in favor of public access, more information is necessary before the Court may seal any pleadings in this case.

Motion for Assignment of Pseudonym

"Generally, parties to a lawsuit must identify themselves" in the pleadings.[11]

---

[8] *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (quotation marks omitted and alteration accepted); *see also Romero*, 480 F.3d at 1246 ("The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential." (quotation marks omitted and alteration accepted).
[9] *Romero*, 480 F.3d at 1246.
[10] Motion to Seal & for Assignment of Pseudonym [Doc. 2].
[11] *Doe v. Franks*, 951 F.2d 320, 322 (11th Cir. 1992).

Federal Rule of Civil Procedure 10(a) provides that "every pleading" in federal court "must name all the parties." "The rule does not merely further administrative convenience—'[i]t protects the public's legitimate interest in knowing all of the facts involved, including the identity of the parties.'"[12]

But this rule is not absolute. A party may proceed under pseudonym by establishing "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings."[13] "This is, however, a narrow exception. Parties may use fictitious names only in exceptional cases."[14] To determine whether Petitioner's privacy right outweighs the presumption of openness, the Court must consider all circumstances, including but not limited to: (1) whether he is challenging government activity; (2) whether he will have to "disclose information of the utmost intimacy"; and (3) whether he will have to risk criminal prosecution by admitting his intentions to engage in illegal conduct.[15] The Court must also "carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."[16]

---

[12] *In re: Chiquita Brands International, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020) (quoting *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)).
[13] *Doe v. Franks*, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotation marks and citation omitted).
[14] *Id.* at 322.
[15] *In re Chiquita Brands*, 965 F.3d at 1247 (citation omitted).
[16] *Id.*

Here, Petitioner seeks to proceeds anonymously because this "case contains information . . . [that] may be of importance to national security (specifically, past or ongoing intelligence collection activities) even if technically unclassified, in whole or in part"; he "has personally received media inquiries, possibly due to the nature of the claim and the profile of the defendant"; and he "has recently been advised by the IRS and SSA that his identity was stolen, apparently by an employee of an LLC registered in the Washington DC area."[17]

To the extent Petitioner seeks anonymity because he is challenging a governmental activity, plaintiffs challenging a governmental activity seem rarely to be permitted to proceed under a pseudonym.[18] As the Eleventh Circuit has explained, "no published opinion that we are aware of has ever permitted a plaintiff to proceed anonymously merely because the complaint challenged a governmental activity."[19] "To grant this factor dispositive effect would lead, inappropriately, to granting anonymity to any plaintiff suing the government to challenge a law or regulation."[20] Moreover, Petitioner's security and media concerns do not persuade the Court that his privacy right outweighs the resumption of open judicial proceedings.

In sum, the Court does not find this case presents an "exceptional circumstance"

---

[17] Motion to Seal & For Assignment of Pseudonym [Doc. 2].
[18] *See, e.g., Doe v. City of Vero Beach*, 2019 WL 3751771 at *4 (S.D. Fla. Aug. 8, 2019).
[19] *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 686 (11th Cir. 2001).
[20] *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004).

justifying Petitioner's anonymity in this case, especially since he has not proceeded anonymously in any of his previous filings.

Accordingly, Petitioner's Motions [Doc. 2] are **DENIED** at this time.

**SO ORDERED**, this 2nd day of March, 2023.

s/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT