IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARCUS ALEX CASH, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | NO. 3:22-CV-81 |
| CENTRAL INTELLIGENCE AGENCY, | : | |
| | : | |
| Respondent. | : | |
| | : | |

### ORDER ON MOTION TO DISMISS AND MOTION TO APPOINT COUNSEL

This "mixed case"[1] is before the Court for judicial review of the Merit System Protection Board's final decision upholding the Central Intelligence Agency's ("CIA") denial of *pro se* Petitioner Marcus Alex Cash's application for disability retirement benefits. Respondent CIA has filed a Motion to Dismiss Petitioner's case for failure to exhaust administrative remedies, and Petitioner has filed a Motion to Appoint Counsel.[2] For the reasons stated below, both Motions [Docs. 3 and 4] are **DENIED**.

### BACKGROUND

Petitioner, a former employee of the CIA, seeks review of a decision by the Merit

---

[1] When a federal employee suffers a qualifying adverse employment action appealable to the Merit Systems Protection Board ("MSPB") and attributes the federal agency's decision to unlawful discrimination, the employee has what is known as a "mixed case." *Perry v. MSPB*, 582 U.S. 420, 422 (2017); 29 C.F.R. § 1614.302.

[2] Petitioner also seeks a "waiver of court fees," but there is no indication Petitioner owes any fees associated with this case. Thus, Plaintiff's request [Doc. 4] is **MOOT**.

Systems Protection Board ("MSPB")[3] upholding the CIA's denial of his application for disability retirement.[4] The CIA argues this case must be dismissed because Petitioner failed to exhaust his administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). The administrative procedural history in this case is convoluted because Petitioner filed for review of the denial of his application for disability retirement by both the EEOC and the MSPB. But, as explained below, Petitioner properly appealed the CIA's Final Agency Decision to the MSPB and exhausted his administrative remedies in that forum. Thus, this case cannot be dismissed for any failure to exhaust administrative remedies with the EEOC.

In 2015, the CIA denied Petitioner's application for disability retirement. On February 22, 2016, Petitioner filed a formal complaint of disability discrimination with the CIA's Office of Equal Employment Opportunity ("EEO"), alleging, among other things, that the CIA had discriminated against him in denying his medical disability retirement application. The CIA's EEO issued its Final Agency Decision ("FAD") on April 6, 2016, finding no discrimination in the CIA's decision denying Petitioner's medical disability retirement application.  On April 11, 2016, the CIA's EEO denied Petitioner's request to reconsider its decision and informed him that he could "request that the Merit Systems Protection Board (MSPB) review the final determination of the Agency pursuant

---

[3] "The MSPB is an independent, quasi-judicial agency in the Executive branch that serves as the guardian of Federal merit systems." https://www.mspb.gov/about/about.htm (visited September 27, 2023).
[4] *Cash v. CIA*, 2022-1852 (Fed. Cir. 2022).

to 5 C.F.R. [§] 841.308."[5]

Thirty days later, on May 11, 2016, Petitioner filed an appeal to the MSPB challenging the CIA's April 11, 2016 denial to reconsider the FAD.[6]

After filing an appeal with the MSPB, on June 21, 2016, Petitioner also requested review of the FAD with the EEOC.[7] Thus, Petitioner had a timely appeal pending with the MSPB and a pending request for review with the EEOC.

On January 5, 2017, a MSPB Administrative Judge issued an initial decision finding Petitioner failed to prove that the CIA discriminated against him based on any disability when it denied his application for disability retirement benefits.[8] Following MSPB administrative exhaustion requirements, Petitioner filed a petition for a final decision with the MSPB.

Meanwhile, Plaintiff's request for the EEOC to review the FAD also proceeded, and on March 15, 2017, the EEOC dismissed Petitioner's appeal as untimely because he failed to file it within 30 days of receipt of the FAD.[9] Plaintiff did not move to reconsider the EEOC's decision or further exhaust his administrative remedies with the EEOC.

Petitioner's petition for a final decision with the MSPB lingered for five years.[10] On

---

[5] EEO April 11, 2016 letter [Doc. 3-7].
[6] Doc. 3-7.
[7] Doc. 3-2.
[8] Doc. 3-8.
[9] Doc. 3-3.
[10] Petitioner states that the Board lacked a statutory quorum for over 5 years, and thus "[t]he Board was unable to issue final decisions on petitions for review between January 7, 2017, and

3

April 14, 2022, the MSPB issued its final decision upholding the CIA's denial of his application for disability retirement benefits.[11] It determined that it lacked jurisdiction to consider Petitioner's disability discrimination claim, explaining that CIA employees are statutorily excluded from asserting discrimination claims through the administrative review process established by Chapter 23 of the Civil Service Reform Act of 1978.[12]

On June 1, 2022, Petitioner sought review of the MSPB's final decision by the Federal Circuit. The Federal Circuit, however, determined that it lacked jurisdiction over Petitioner's appeal because the appeal included a discrimination claim; therefore it is a "mixed case" where judicial review is only available in district court following the completion of MSPB proceedings.[13] Thus, by consent of the parties, the Federal Circuit transferred the appeal to this Court.

The CIA moves to dismiss this case due to Petitioner's failure to exhaust his administrative remedies with the EEOC, and Petitioner seeks to have this Court appoint him legal counsel.

## ANALYSIS

**I. MOTION TO DISMISS**

---

March 3, 2022," citing https://www.mspb.gov/FAQs_Absence_of_Board-Quorum_June_7_2022.pdf. [Doc. 4, p.1, fn 5].
[11] Doc. 3-4.
[12] *See* 5 U.S.C. § 2302(a)(2)(C)(ii).
[13] *See Kloeckner v. Solix*, 568 U.S. 42, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an anti-discrimination statute listed in 5 U.S.C. § 7702(a)(1) should seek judicial review in the district court, not in the Federal Circuit.").

A. **Standard of Review**

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[14] A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims.[16] "[T]he court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."[17]

When reviewing a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, a court may consider, in addition to the allegations in the complaint, any documents attached to the plaintiff's complaint, the defendant's motion, and the plaintiff's response, such as administrative records, so long as they are central to

---

[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[15] *Id.*
[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).
[17] *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

the plaintiff's claims, they are not in dispute, and they are relevant to the issue of the plaintiff's exhaustion of administrative remedies.[18] On a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, "it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record."[19] Thus, this Court may consider the documents filed by Respondent because they are administrative records, are central to Petitioner's claims, are not in dispute, and are relevant to the issue of Plaintiff's exhaustion of administrative remedies.[20]

Because Petitioner is proceeding *pro se*, his "pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."[21] Although *pro se* pleadings are held to less stringent standards than those drafted by attorneys, they "still must suggest some factual basis for a claim,"[22] and *pro se* parties are required to "comply with the procedural rules that govern pleadings."[23]

---

[18] *See Tillery v. Dep't of Homeland Sec.*, 402 F. App'x 421, 425 (11th Cir. 2010) ("in ruling on DHS's Rule 12(b)(6) motion to dismiss based solely on exhaustion of administrative remedies and not on the merits of [Plaintiff's] claims, the district court did not err in considering evidence outside the pleadings or in making fact findings as to exhaustion.").
[19] *Bryant v. Rich*, 530 F.3d 1368, 1376 (11th Cir. 2008).
[20] *See Tillery*, 402 F. App'x at 425
[21] *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted).
[22] *KPOKYC v. President*, 2021 WL 1625397 at 2 (11th Cir. 2021) (citation omitted).
[23] *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005).

6

## B. Analysis

"The intersection of federal civil rights statutes and federal civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace."[24] The Civil Service Reform Act of 1978 ("CSRA") "established a comprehensive system for reviewing personnel actions against federal employees."[25] For some "particularly serious" adverse employment actions, the affected federal employee may appeal his agency's employment decision to the MSPB, "an independent adjudicator of federal employment disputes."[26] Federal employees also receive protections under federal civil rights laws, such as the Rehabilitation Act[27] which "prohibits federal agencies from discriminating in employment against otherwise qualified individuals with a disability."[28]

When, as in this case, a federal employee suffers a qualifying adverse employment action that is appealable to the MSPB *and* attributes the agency's decision, in whole or in part, to unlawful discrimination, the employee has what is known as a "mixed case."[29] A

---

[24] *Kloeckner v. Solis*, 568 U.S. 41, 49 (20120.
[25] *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5 (2012) (internal quotation and citation omitted).
[26] *Kloeckner*, 568 U.S. at 44.
[27] The Rehabilitation Act, not the Americans with Disability Act, constitutes the exclusive remedy for a federal employee alleging disability-based discrimination. *See* 42 U.S.C. § 12111(2), (5)(B)(i) (the ADA explicitly excludes the United States from its definition as a "covered entity"); *Webb v. Donley* 347 F. App'x 443, 445 (11th Cir. 2009) ("[B]ecause [plaintiff] was a federal employee, she was not covered under the ADA. Nevertheless, she would have been covered under the Rehabilitation Act, which is governed by the same standards as the ADA.").
[28] *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008) (citation omitted); *see also* 29 U.S.C. § 794(a).
[29] *Perry v. MSPB*, 582 U.S. 420, 422 (2017); 29 C.F.R. § 1614.302.

"mixed case complaint" is defined as a "complaint of employment discrimination filed with a federal agency based on race, color, religion, sex, national origin, age, disability, or genetic information related to or stemming from an action that can be appealed to the [MSPB]."[30] A "mixed case appeal" is an "appeal filed with the MSPB that alleges an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, age, disability, or genetic information."[31] "A mixed case appeal is not a subset of a mixed case complaint."[32]

A federal employee with a "mixed case" has a "unique set of procedural options."[33] The employee may either file a "mixed case appeal" before the MSPB or file a "mixed case complaint" with his or her agency, but not both.[34]

MSPB Mixed Case Appeal Route

The employee may appeal the entire case to the MSPB as a "mixed-case appeal."[35] The MSPB, an independent government agency, was created to ensure that all federal government agencies follow federal merit system practices, and it has the authority to adjudicate federal employees' appeals of agency personnel actions such as termination,

---

[30] 29 C.F.R. § 1614.302(a)(1).
[31] 29 C.F.R. § 1614(a)(2).
[32] *Sloan v. West*, 140 F.3d 1255, 1259 (9th Cir. 1998), *abrogated on other grounds by Perry v. MSPB*, 582 U.S. 420 (2017).
[33] *Crowe v. Warmuth*, 74 F.4th 1011, 1024 (9th Cir. 2023) *citing Kloeckner*, 568 U.S. at 44-45 ("The CSRA and regulations of the MSPB and [EEOC] set out special procedures to govern such a [mixed] case—different from those used when the employee either challenges a serious personnel action under the CSRA alone or attacks a less serious action as discriminatory.").
[34] 29 C.F.R. § 1613.302(b).
[35] 5 U.S.C. § 7702; 29 C.F.R. § 1614.302.

8

reduction in grade or removal for unacceptable performance, suspension for more than 14 days, and reduction in pay.[36] MSPB review of adverse employment actions was designed to protect federal employees from widespread politically motivated terminations whenever the party in power changed hands.[37]

An employee who is dissatisfied with the result of the MSPB decision has two avenues of appeal in a mixed case. The employee may, within 30 days after of the MSPB's final decision, either petition the EEOC to consider the Board's decision or file a civil action in district court.[38] When the employee elects to waive the discrimination issue, when discrimination is not alleged in the appeal, or when the discrimination issue is abandoned below, the United States Court of Appeals for the Federal Circuit has exclusive jurisdiction over the appeal of the MSPB decision.[39]

Mixed Case Complaint Route

Alternatively, the employee may file a mixed case complaint with his agency.[40] A federal employee who chooses to assert his mixed case complaint against the government through her agency's EEO office, must undergo two-steps: (1) informal counseling with an EEO counselor within 45 days of the challenged employment act, and (2) the filing of

---

[36] 5 C.F.R. § 1200.1, 1201.3.
[37] *Chappell v. Chao*, 388 F.3d 1373, 1375 (11th Cir. 2004).
[38] 5 C.F.R. §§ 1201.157, 1201.120; 29 C.F.R. § 1614.303 ("Individuals who have received a final decision from the MSPB on a mixed case appeal or on appeal of a final decision on a mixed case complaint under 5 C.F.R. part 1201, subpart E and 5 U.S.C. § 7702 may petition the EEOC to consider that decision.").
[39] 28 U.S.C. § 1295(a)(9); *Blake v. Dept. of Air Force*, 794 F.2d 170, 172 (5th Cir. 1986).
[40] 29 C.F.R. § 1614.302(b).

a formal complaint with the employee's agency or department within 15 days after the EEO counselor has issued a notice of right to file a discrimination complaint.[41] In a mixed case complaint, after the claimant receives notification that the agency's EEO is dismissing his claims, the claimant may either file a civil action in federal district court or appeal the matter to the MSPB within 30 days of receipt of the agency's final decision.[42] The employee dissatisfied by the MSPB's decision may appeal the MSPB's final decision on a mixed case complaint to an appropriate United States District Court within 30 days of receipt of the final decision.[43] Alternatively, the employee may request review by the EEOC within 30 days of receipt of the final decision or within 30 days of when the decision of an MSPB field office becomes final.[44]

Here, Petitioner elected to file a mixed case complaint with the agency—the CIA's EEO—on February 22, 2016. When the agency denied Petitioner's request for reconsideration of its final decision denying his application for disability retirement on April 11, 2016, Petitioner had the choice to either request review by the EEOC within 30 days of receipt of the final decision or file an appeal with the MSPB within 30 days of receipt of the final decision. Petitioner chose to file an appeal with the MSPB. On May 11, 2016, Petitioner timely filed an appeal to the MSPB. Although Petitioner also filed an untimely request with the EEOC to review the FAD on June 21, 2016, he did so after

---

[41] 29 C.F.R. §§ 1614.302, 1614.105, 1614.106; *Hendrix v. Snow,* 170 F. App'x 68, 76 (11th Cir. 2006).
[42] 29 C.F.R. §1614.302(d)(3); 29 C.F.R.§ 1614.310(a).
[43] 5 U.S.C. §7703(b)(2); *see Perry*, 582 U.S. at 422.
[44] 29 C.F.R. § 1614.303(a), (c).

timely and properly appealing to the MSPB. Because Petitioner filed his appeal with the MSPB first, he was required to exhaust his administrative in that forum, not the EEOC. Petitioner properly exhausted his administrative remedies with the MSBP, obtained a final decision, and now seeks judicial review pursuant to the MSPB process. Thus, the Court cannot dismiss this case for Petitioner's failure to exhaust his administrative remedies with the EEOC.

## II. MOTION TO APPOINT COUNSEL

A civil plaintiff has no constitutional right to counsel, but the district court may appoint one for an indigent plaintiff.[45] But a district court is only justified in appointing counsel in "exceptional cases, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner."[46] "Where the facts and issues are simple, he or she usually will not need such help."[47] The Court "has broad discretion in determining whether such circumstances exist."[48] After reviewing the record and pleadings in this case, the Court finds there are no "exceptional circumstances" warranting the appointment of counsel. Now that the procedural hurdles of this case have been decided, this case is not so legally or factually complex as to prevent Petitioner from presenting the essential merits of his position to the Court. Accordingly,

---

[45] *See* 28 U.S.C. § 1915(e)(1); *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999).
[46] *Vickers v. Georgia*, 567 F. App'x 744, 749 (11th Cir. 2014) (per curiam) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)).
[47] *Kilgo*, 983 F.2d at 193.
[48] *Id.* (citing *Smith v. Fla. Dep't of Corrs.*, 713 F.3d 1059, 1063 (11th Cir. 2013)).

the Court will not appoint counsel for Plaintiff, and the Motion is **DENIED**.

## CONCLUSION

For the reasons explained above, Respondent's Motion to Dismiss for failure to exhaust administrative remedies [Doc. 3] is **DENIED**, and Petitioner's Motion to Appoint Counsel [Doc. 4] is also **DENIED.**

**SO ORDERED**, this 29th day of September, 2023.

S/ C. Ashley Royal<br>
C. ASHLEY ROYAL, SENIOR JUDGE<br>
UNITED STATES DISTRICT COURT