IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| MARCUS ALEX CASH, | : | |
| | : | |
| Petitioner, | : | |
| | : | CASE NO. |
| v. | : | 3:21-CV-81 (CAR) |
| | : | |
| CENTRAL INTELLIGENCE AGENCY, | : | |
| | : | |
| Respondent. | : | |

### ORDER ON MOTION FOR RECONSIDERATION

Before the Court is *pro se* Petitioner Marcus Alex Cash's Motion for Reconsideration of the Court's Order [Doc. 51] affirming the Merit System Protection Board's ("MSPB") decision upholding the Central Intelligence Agency's (the "Agency") denial of Petitioner's application for disability retirement benefits and granting the Agency summary judgment on Petitioner's discrimination claims because he failed to administratively exhaust his claims. For the reasons discussed below, Petitioner's Motion [Doc. 53] is **DENIED**.

### STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts, upon

1

motion, to alter or amend a judgment.[1] Local Rule 7.6 cautions that "[m]otions for reconsideration shall not be filed as a matter of routine practice."[2] "[I]t is well-settled that motions for reconsideration are disfavored and that relief under Rule 59(e) is an extraordinary remedy to be employed sparingly."[3] Accordingly, the Court should only grant these motions in three limited circumstances: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered which was not previously available to the parties in the exercise of due diligence; or (3) reconsideration is needed to correct clear error or prevent manifest injustice.[4] A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."[5] Ultimately, whether to grant a motion for reconsideration is within "the sound discretion" of the district court.[6]

## DISCUSSION

Petitioner fails to demonstrate any of the limited circumstances warranting reconsideration: He does not point to any intervening change in the law; he does not contend any new evidence has been discovered that was not previously available to the

---

[1] Fed. R. Civ. P. 59(e).

[2] M.D. Ga., L.R. 7.6.

[3] *Krstic v. Princess Cruise Lines, Ltd.*, 706 F. Supp. 2d 1271, 1282 (S.D. Fla. 2010) (internal quotation marks omitted).

[4] *Ctr. for Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

[5] *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005).

[6] *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993).

parties at the time the original Order was entered; and he does not identify any clear error of law or manifest injustice. Petitioner reasserts arguments and attempts to relitigate issues this Court comprehensively addressed in its 31-page Order. A motion for reconsideration "is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision."[7]

For this first time, Petitioner argues the Agency's failure to provide him "No Fear Act" training in 2012-2014 "should have equitably tolled the EEO process and all defenses against the Petitioner pursuing his 'administrative remedies' regarding discrimination claims."[8] Petitioner did not raise any such equitable tolling argument in the underlying briefing, and it is too late to raise it now. Parties cannot use motions for reconsideration to argue new theories of law.[9]

Because Petitioner attempts to relitigate matters already decided, and because this case does not fall into one of the three limited circumstances in which the Court may reconsider its ruling, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 53].

**SO ORDERED,** this 25th day of July, 2025.

                                          s/ C. Ashley Royal_____
                                          C. ASHLEY ROYAL, SENIOR JUDGE
                                          UNITED STATES DISTRICT COURT

---

[7] *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996).
[8] Doc. 53, p. 3.
[9] *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997).